BALE CONTRACTING, INC., APPELLANT, *v.*
CITY OF WESTERVILLE, APPELLEE.

(No. 82AP-199—Decided
August 19, 1982.)

*Wilcox, Schlosser & Bendig Co.,
L.P.A.,* and *Mr. Jacob A. Schlosser,* for
appellant.

*Messrs. Metz, Bailey & Spicer* and
*Mr. Bruce E. Bailey,* for appellee.

REILLY, J. This is an appeal from a
judgment of the Court of Common Pleas
of Franklin County.

Plaintiff filed a complaint along with a
motion for a temporary restraining order,
which the trial court later dismissed.
Defendant filed an answer. Subsequently,
plaintiff filed a motion to amend its com-
plaint. The court sustained the motion
and added that defendant's answer would
be considered an answer to the amended
complaint.

Thereafter, plaintiff filed the amend-
ed complaint against defendant, alleging
plaintiff was a contractor which sub-
mitted a bid in writing for city construc-
tion work called the Westerville Reservoir
Outlet Works Improvement, Contract 81-
W-1. Plaintiff alleged that its bid of
$63,700 was the lowest and the best with
the next bid being $64,800. Plaintiff al-
leged that defendant's failure to accept its
bid was "grossly arbitrary, capricious,
unreasonable, unconscionable and unlaw-
ful." Plaintiff contended that, because of
defendant's failure to award the contract,
it suffered $4,000 loss due to costs in-
curred in the competitive bidding process,
$10,000 loss of profits and $5,000 loss due
to litigation costs in this action.

Defendant moved for summary judg-
ment and included the following affidavit:

"I, John R. Stewart, being first duly
sworn, depose and say:

"1. I am an elected member of the
Westerville City Council. Currently, I am
serving as the elected Chairman of Coun-
cil.

"2. I served as the Chairman of the
Westerville City Council at the Council
meeting held on July 7, 1981.

"3. At such Council meeting, the
members of the Westerville City Council
voted 6 to 0 to award the City of Wester-
ville Water Works Improvement and
Westerville Reservoir Outlet Works Im-
provement Contract to Legg & Davis.

"4. The members of Council jointly
found that the bid of Bale Contracting,
Inc., was not the best bid. A material pro-
vision was lacking in that Bale Contract-
ing, Inc., failed to bid on the time in which
it would complete the water works im-
provement.

"5. My judgment, and to the best of
my knowledge, the judgment of the other
members of City Council, was honestly
exercised in good faith with the intent of
awarding the bid to the lowest and best
bidder.

"FURTHER AFFIANT SAYETH
NAUGHT."

In response, plaintiff submitted an af-
fidavit:

"Patricia L. McKee, being first duly
sworn, says that she is the secretary of
Plaintiff Bale Contracting, Inc. and that:

"1. The allegations set forth in
Plaintiff's Amended Complaint herein are
true.

"2. The outlet channel work was the only work of substance in the subject project since the gate house portion involved (principally) the furnishing of material.

"3. That is, in submitting the subject bid (Defendant's Exhibit A), Plaintiff accepted the 120 calendar days indentified [*sic*] with the outlet channel work as the outside time limit for finishing the entire project since the only substantial area of work was the outlet channel; the gate house item was of no consideration in determining a project competion [*sic*] date.

"4. In completing Defendant's bid form, Plaintiff omitted filling in the blank, for several good reasons:

"(a) as set forth in paragraph 3 above, the 120 days dictated for the outlet channel was accepted by Plaintiff as the entire project time limit.

"(b) Defendant's bid form was, according to construction industry standards, unclear with respect to what project completion time limit the Defendant desired and, therefore, Plaintiff was reluctant to insert a time limit contrary to the wishes of Defendant since the item could normally be settled at a later date.

"5. Contrary to usual construction industry custom, Defendant arbitrarily and unreasonably refused to allow Plaintiff to amend its bid by adding the project completion date according to Defendant's desires with regard to that date.

"6. In the context of usual construction industry practice, Defendant has failed to act in a reasonable manner with regard to allowing Plaintiff to clarify its bid concerning the non-material matter of a project time limit (considering that 120 days was given as an outside limit with regard to substantially all of the work).

"7. Defendant's action in rejecting Plaintiff's bid was clearly contrary to accepted construction industry standards as they relate to Ohio municipal corporations to the point of being arbitary [*sic*], capricious, unreasonable and unconscionable."

The trial court sustained defendant's motion for summary judgment.

Plaintiff now appeals and asserts the following assignment of error:

"The trial court erred in sustaining appellee's motion for summary judgment in that there existed genuine issues of material fact."

It is definite and uncontroverted that plaintiff's bid was incomplete. Plaintiff failed to specify the time involved to complete the project. The materiality of this time provision is supported by Section 15.1 of the General Conditions. In fact, that entire page is devoted solely to time of performance. The Agreement, Notice to Proceed and Change Order documents all required that the time bid for completion be inserted in the contractual documents.

Furthermore, R.C. 153.19 supports the materiality of a completion date as follows:

"All contracts under sections 153.01 to 153.60, inclusive, of the Revised Code, shall contain provision in regard to the time when the whole or any specified portion of work contemplated therein shall be completed and that for each day it shall be delayed beyond the time so named the contractor shall forfeit to the state a sum to be fixed in the contract, which shall be deducted from any payment due or to become due to the contractor."

The affidavit of Patricia L. McKee is insufficient to create a genuine issue of material fact concerning the materiality of the time provision. The reason plaintiff did not specify a time is not relevant. The point is that this was not done and such requirement was a material part to the contract.

Moreover, it was not error in refusing to allow plaintiff to clarify the provision. When a bid is modified in any particular way, after the time for bidding has passed, such bid cannot be considered as legal. If bidders were permitted to make better offers after their sealed proposals had been made and opened, there would

not be a valid rationale for the formality of submitting sealed proposals.

Consequently, reasonable minds construing the evidence for plaintiff, could not differ that the material term of the contract was omitted or left unresolved. (Civ. R. 56[C].) Further, reasonable minds could not differ that defendant did not abuse its discretion in refusing to award plaintiff the contract. *State, ex rel. Shafer,* v. *Ohio Turnpike Commission* (1953), 159 Ohio St. 581 [50 O.O. 465]. Finally, R.C. 735.05 requires that public contracts be awarded to the "lowest and best bidder."

Reasonable minds could definitely not find a bid with the material term of time unspecified to be the "best bid," when compared with another comparably priced bid that included such term.

For the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.